﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191226-51530
DATE: October 30, 2020

ORDER

Service connection for migraine headaches is denied.

Service connection for left foot condition with pain is denied.

Service connection for right foot condition with pain is denied.

FINDINGS OF FACT

1. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of migraine headaches.

2. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of left foot condition with pain.

3. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of right foot condition with pain.

CONCLUSIONS OF LAW

1. The criteria for service connection for migraine headaches have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for left foot condition with pain have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for service connection for right foot condition with pain have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service in the U.S. Navy from May 1981 to May 1986.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review.

Procedurally, the Board of Veterans’ Appeals (Board) notes that the Veteran appealed an August 2019 decision issued by the regional office (RO) denying, in part, service connection for migraine headaches, left foot condition with pain, and right foot condition with pain. In October 2019, the Veteran submitted a VA Form 20-0996 requesting Higher-Level Review. Accordingly, the RO issued a December 2019 rating decision continuing to deny the Veteran’s service claims on appeal. In December 2019, the Veteran timely appealed the December 2019 rating decision to the Board and selected the direct review lane, where the Board reviews evidence considered by the RO.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Entitlement to service connection requires: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current disability. 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The Veteran is competent to report observable symptoms. Jandreau 

v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Additionally, the Board has no reason to doubt the credibility of her statements. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert 

v. Derwinski, 1 Vet. App. 49, 57 (1990).

1. Service connection for migraine headaches is denied.

2. Service connection for left foot condition with pain is denied.

3. Service connection for right foot condition with pain is denied.

The Veteran seeks service connection for migraine headaches, left foot condition with pain, and right foot condition with pain. Henceforth, for brevity, left foot condition with pain and right foot condition with pain will be referred to collectively as “bilateral foot condition.”

For each of these claims, the question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease, satisfying Shedden element (1).

The Board concludes that the Veteran does not have a current diagnosis of migraine headaches or bilateral foot condition and has not had a diagnosis of any of these disabilities at any time during the pendency of the claim or recent to the filing of the claim. 

Turning to the evidence, the Veteran’s service treatment records are silent as to any chronic foot condition or headaches. The Veteran explicitly denied experiencing bone or joint problems and was capable of running a mile and a half during her physical readiness tests. The Board notes that in the April 1985 optometry clinic consult, the Veteran reported occasional headaches. However, as the remaining service treatment records, including her April 1986 separation evaluations, are silent as to any headache diagnosis or report, the Board finds the sole report of occasional headaches is an outlier and does represent the onset of a chronic condition. The Board notes that the April 1986 separation evaluations also do not demonstrate a diagnosis or report of a bilateral foot condition.

Post-separation, VA medical records are silent as to any report or diagnosis of a chronic headache disorder. The Veteran explicitly denied experiencing headaches during her VA consults with the exception of a March 2017 report where she stated that she sometimes experienced headaches. Again, the Board finds this is an outlier as this is the sole incident where headaches were affirmed rather than denied.

VA medical records reveal the Veteran’s prior medical history includes a left foot bunion surgery. However, as there are no residuals or issues reported associated with a bilateral foot condition, the Board finds there is no current diagnosis as a result of the left foot bunion surgery. Furthermore, the Veteran was afforded a Skin Diseases VA examination in April 2019 for a different skin disability. The Veteran did not report nor did the examiner find any issues with her left foot, to include a bunion or residuals of a bunionectomy. 

The Veteran has not submitted any evidence or provided information regarding a right foot condition.

While the Veteran believes she has a current diagnosis of migraine headaches or a bilateral foot condition, she is not competent to provide diagnoses. The issues are medically complex and requires an ability to interpret complicated diagnostic medical evidence. Jandreau, 492 F.3d at 1377. Consequently, the Board gives more probative weight to the competent medical evidence.

A necessary element for establishing entitlement to service connection is the existence of a current disability; it is the cornerstone of a claim for VA disability compensation. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Degmetich

 v. Brown, 104 F.3d 1328, 1332 (Fed. Cir. 1997). 

Absent a diagnosis for migraine headaches or bilateral foot condition, the preponderance of the evidence is against the Veteran’s claims for service connection. Reasonable doubt does not arise, and the benefit-of-the-doubt doctrine does not apply; the Veteran’s claims of entitlement to service connection for migraine headaches, left foot condition with pain, and right foot condition with pain for are not warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Lee

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.